## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Eugene Sang Hahn, | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | Civil Action H-06-2886 |
| | § | |
| Nathaniel Quarterman, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Euge Sang Hahn's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation. (Dkt. 4). Hahn's petition challenges his felony conviction of tampering with physical evidence and his misdemeanor conviction of evading arrest. Respondent has filed a motion for summary judgment. (Dkt. 9). The court recommends that Hahn's application be denied as untimely.[1]

Hahn is an inmate of the Texas Department of Criminal Justice serving a ten year sentence for the felony offense of tampering with physical evidence. In separate indictments, Hahn was charged with tampering with physical evidence and evading arrest.[2] Hahn pled

---

[1] Respondent has also filed a motion to substitute Lasalle County Sheriff as the party respondent to address Hahn's misdemeanor conviction of evading arrest. (Dkt. 10). The court finds that Hahn's application challenging his felony and misdemeanor conviction is untimely in its entirety. Therefore, respondent's motion to substitute Lasalle County Sheriff is dismissed as moot.

[2] The state attempted to charge Hahn with murder, but the trial court dismissed this charge on jurisdictional grounds.

not guilty to both charges, but on October 31, 2001, a jury found him guilty of the third degree felony offense of tampering with physical evidence and the lesser-included misdemeanor offense of evading arrest.  On December 12, 2001, the trial court sentenced Hahn to ten years imprisonment at the Texas Department of Criminal Justice for tampering with physical evidence and two years at the county jail for the misdemeanor offense of evading arrest.  On May 21, 2003, the Fourth Court of Appeals dismissed Hahn's appeal for lack of jurisdiction because his notice of appeal was untimely.  Hahn did not file a petition for discretionary review.

On January 14, 2002, Hahn filed a motion for leave to file an original application for habeas corpus relief with the Texas Court of Criminal Appeals.  This motion was denied on March 13, 2002 without written order.  Subsequently, Hahn filed two state writ applications, which were dismissed on December 1, 2004 and February 9, 2005 for noncompliance with the appellate rules.  Specifically, both writs were not on the prescribed form as required by Art. 11.07.

Hahn's federal petition is governed by the amendments to the federal habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244.  The AEDPA provides a one year limitation period for habeas petitions, running from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Hahn was sentenced on December 12, 2001 after

which he had thirty days to file a timely notice of appeal.  Hahn, however, did not filed a

notice of appeal until January 30, 2002.  Because Hahn did not properly file an appeal, his

conviction became final on January 13, 2002, thirty days after his sentencing.  Under §

2244(d)(1)(A), Hahn's limitation period expired one year later on January 13, 2003.

However, Hahn's present federal petition was filed on September 11, 2006, more than three

years beyond the one-year limitations period.  Accordingly, the petition is time barred unless

statutory or equitable tolling applies.

Statutory tolling does not benefit Hahn's cause.  The time during which a properly

filed application for state habeas corpus or other collateral review is pending shall not be

counted toward the one-year limitations period provided by 28 U.S.C. § 2244(d)(1).  *See* 28

U.S.C. § 2244(d)(2).  Hahn's first state writ application was filed on January 14, 2002 with

a motion for leave asking the Court of Criminal Appeals to exercise original jurisdiction over

his habeas petition.  Hahn's motion was denied, and therefore cannot be considered collateral

review subject to the tolling provision in § 2244(d)(2).  *See Moore v. Cain*, 298 F.3d 361,

366-67 (5th Cir. 2002).  Hahn filed two other state writ applications, but both were dismissed

for failing to comply with the proper filing requirements, and therefore did not toll the

AEDPA statute of limitations.  *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000).  Likewise, none

of the other statutory tolling provisions of § 2244(d)(1) are applicable here.

The petition also does not present any grounds for equitable tolling of his limitations

period.  Hahn has not alleged and demonstrated exceptional circumstances that prevented

him from filing a timely petition to warrant equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

The court further finds that Hahn has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 16, 2007.

Stephen Wm Smith
United States Magistrate Judge